UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

PATRICIA ABRAM-ADAMS,
                              Plaintiff, )

v.                                       )                  **CASE NO. 09-81447-CIV**

CITIGROUP Inc., d/b/a CitiFinancial,
a foreign corporation,
                              Defendant, )

FILED by _____ D.C.
MAR 22 2010
CLARENCE MADDOX
CLERK U.S. DIST CT
S.D. OF FLA. - W.P.B.

**AMENDED MOTION TO OPPOSE DEFENDANT MOTION TO DISMISS**

I, Patricia Abram-Adams, Plaintiff, in the above styled cause hereby moves with a Motion to Oppose, Defendant, Motion For Dismissal. Plaintiff, Patricia Abram-Adams amended complaint meets guidelines of filing a complaint. Therefore, Plaintiff, Patricia Abram-Adams opposes Defendant Motion to Dismiss. Plaintiff, Patricia Abram-Adams articulated enough facts to state claims of relief as well as move the complaint to the next stage of the lawsuit stages, which is the Discovery Stage. Plaintiff detailed claims within the amended complaint with direct quotes. The direct evidence in the direct quotes leads into the next stages to collect damages in which the Defendant caused. The direct evidence, statistical evidence, laws violated, and procedures violated justify movement to the Discovery Stage. By moving, this Honorable Court has the opportunity to review direct laws violated, review direct evidence and other evidence methods of proving the stated claims, procedure violations and award damages. The above motion filing displays as pro se because of the fact that the Law Counsels or Attorneys in the

State of Florida as well as other States continues to decline this Case as well as other Cases e.g. Employment Discrimination, Civil Rights, Constitutional Law, and Discrimination Cases[1].

**Statement of facts**

1. The first set of statutes statutory period began on June 15, 2005 and ended on June 15, 2009.

2. Case No. 2005CA005415XXXAG was initially filed in the State Court system. The second set of statutes began on March 31, 2007 and ends on March 31, 2011. The second set of statutes subsists because of discrimination in the procedure of the Arbitration as well as retaliatory discharge because of requests to remove the Arbitrator from the case. The requests materialize because the Arbitrator displayed evident partiality, misconduct, and prejudices. In addition, requests materialize for the removing of the Defendant, Law Counsel, David Demaio, Ogletree & Deakins in order to ensure impartiality because of the November 3, 2006 Conference Call in which Defendant, Attorney repeated what would happen next subsequent to Donald Spero stating to move to the Civil Procedure process of filing a Motion to Dismiss in order to get this case over with.

3. The Arbitrator's dismissal was affected because of the fact that a request was made to remove Donald Spero, Arbitrator, David Demaio, Defendant's Attorney, Ogletree &

---

[1] Law Counsel Michael D. Stewart and Law Counsel Bruce Coane stated we will represent you as well as cooperate with the Law Finance Corporations; however, once the Law Finance Corporations prepared documents as well as telephoned, both Law Counsels refused to comply. Law Counsel Michael D. Stewart stated contingency plus $5000 in costs for each Federal Case filed [Miami, FL- Month of February 2010 as well as Month of March 2010] and Law Counsel Bruce Coane stated hourly fees [Miami, FL-Month of February 2010 as well as Month of March 2010]. Law financing covers costs, expert witness costs, short-term loans, living expenses, law school tuition, civil litigations, and other educational expenses. Law Finance Corporations law finance 10% of the value of each case. Documents subsist to prove the statements e.g. emails and telephone records. These statements materialize on a need to know basis.

Deakins, as well as, Case Manager, Erin Sherman to ensure procedural fairness subsequent to the November 3, 2006 Conference Call.

4. Donald Spero, Arbitrator, failed to decide on the CitiGroup Employment Discrimination Case based on relevant discrimination violations e.g. Civil Rights Section 1981, intentional tort-assault, intentional injury, race discrimination, gender discrimination, retaliation, retaliatory discharge, wrongful termination in violation of statute, wrongful termination in violation of public policy, and other claims. Beyond a reasonable doubt, I was never given an equal opportunity to present the facts of the Employment Discrimination Case against CitiGroup, which violated my right to due process.

5. Donald Spero, Arbitrator, favored CitiGroup by dismissing with prejudice without hearing the facts of the case in the evidentiary hearing. The favoritism displayed in the November 3, 2006, Conference Call e.g. evident partiality, misconduct, and prejudices. The misconduct relates to the integrity of the Arbitration process. The Arbitrator must resolve all issues in the dispute to display credibility. There is strong evidence of an error on March 31, 2007.

6. The amended complaint or complaint has several causes of action in which damages e.g. compensatory damages, punitive damages, statutory damages, treble damages, torts, and any other damages deemed necessary is being sought.

7. There is justifiable and rationality to oppose the Motion to Dismiss because of violations of applicable laws such as *Fla. Stat. Section 760.11 (1), Fla. Stat, Section 760.01, Title VII of the Civil Rights Act of 1964, Section 1981, Civil Rights Act of 1991, FCRA, Title 18 U.S.C. Section 245, Title 18 U.S.C. Section 1981 & 1983, Fla. Stat. Section 760.10 (7), as well as other applicable laws.*

**WHEREFORE**, Plaintiff, **PATRICIA ABRAM-ADAMS**, based upon the above stated facts respectfully request this Court to grant this Motion to Oppose the Defendant Motion to Dismiss, and any such other and further relief, as the Court deems appropriate.

Respectfully submitted,

Patricia Abram-Adams
2349 Horne Avenue
Unit C
Tallahassee, FL 32304
(850) 575-7400
E-Mail: abrampl1@aol.com

_/s/ Patricia Abram-Adams_
Patricia Abram-Adams

Dated on this 20TH day of MARCH, 2010